# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TOMMY MITCHELL WHITE,**

    **Petitioner,**

    v.                      **CIVIL ACTION NO. 2:05CV7**
                                   **(Judge Maxwell)**

**WILLIAM S. HAINES, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On January 31, 2005, the *pro se* petitioner, Tommy Mitchell White, filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. Because it appeared the petitioner's petition may be untimely, the Court, by Order entered on February 22, 2005, warned the petitioner that his §2254 petition would be recommended for dismissal unless he could demonstrate that the petition was timely filed. On March 21, 2005, the petitioner responded to the Court's Order.

Thus, this matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review.

### II. PROCEDURAL HISTORY

According to the §2254 petition, on October 4, 1993, the petitioner was convicted in the Circuit Court of Preston County of breaking and entering and grand larceny. He was sentenced to 2-25 years imprisonment. The petitioner filed a direct appeal from his conviction and sentence. His

direct appeal was refused on June 29, 1994. The petitioner did not file a petition for certiorari. On September 6, 2002, the petitioner filed a petition for writ of habeas corpus in the Circuit Court of Preston County. It is unclear whether he filed an appeal from the denial of his state habeas petition.

On January 31, 2005, the petitioner filed the instant §2254 petition.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[1]

Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

2

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).The petitioner does not contend that the state impeded his filing a §2254 petition, that he is relying on a new rule of constitutional law made retroactive to cases on collateral review, or that he recently discovered the factual predicate of his claims. Thus, subsection one, the date his conviction became final, governs the determination of whether the petitioner's §2254 petition was timely filed.

According to the petitioner's §2254 petition, he was convicted on October 4, 1993, of breaking and entering and grand larceny. The petitioner filed a direct appeal from his conviction and sentence. His direct appeal was refused on June 29, 1994.The petitioner did not file a petition for certiorari. If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so--90 days--has elapsed. Id. at 705. Thus, the petitioner's conviction became final on September 27, 1994. Because the petitioner's conviction became final prior to the effective date of AEDPA, he had until April 24, 1997, to file a motion pursuant to 28 U.S.C. § 2254. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). However, the petitioner did not file his §2254 petition until January 31, 2005.

Nonetheless, the undersigned notes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris, 209 F. 3d at 327.

The petitioner did not file his state habeas petition until September 6, 2002, clearly outside the one year statute of limitations.

The petitioner requests that the Court not dismiss his petition as being untimely because his

3

state appointed attorney did not advise him of the time limit to file a §2254 petition, he has only an 8th grade education, and does not know how the court system works.

The time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

First, the petitioner states that no attorney told him about the time limitation. However, the time for him to file a §2254 petition expired on April 24, 1997. There is no indication that he was even represented at that time or when AEDPA was enacted.

Further, the petitioner's ignorance of the law and 8th grade education does not toll the statute of limitations. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law does not justify equitable tolling); Marsh v. Soares, 223 F. 3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000) (ignorance of law and pro se status held insufficient to toll limitations period); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied,

4

528 U.S. 1007 (1999) (unfamiliarity with the legal process, illiteracy, and lack of representation do not merit equitable tolling).

The petitioner sets forth no grounds with justify equitably tolling the statute of limitations. Thus, the petition should be dismissed as untimely.

## IV.  RECOMMENDATION

It is recommended that the petition of Tommy Mitchell White filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE because the petition is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[2]

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

Dated: August 22, 2005

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).